IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CANATUI, INC., d/b/a<br>NEXT STEP GROUP,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-cv-5400 |

**COMPLAINT**

NOW COMES the plaintiff, CANATUI, INC., d/b/a NEXT STEP GROUP, by and through its attorneys, SMITHMARCO, P.C., and for its complaint against the Defendant, BANK OF AMERICA, N.A., plaintiff states as follows:

**I.  PRELIMINARY STATEMENT**

1. This is an action for all damages allowable under Uniform Commercial Code Article 4A a result of a number of unauthorized transfers of funds from Plaintiffs' accounts to either another account of a plaintiff or to an unknown third party.

**II.  JURISDICTION & VENUE**

2. Jurisdiction arises pursuant to 28 U.S.C. §1332 as the parties have diversity of citizenship and the amount in controversy exceeds $75,000.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.     PARTIES

4. CANATUI, INC., d/b/a NEXT STEP GROUP (hereinafter "Canatui") is a business entity which was at all relevant times located in the City of Hoffman Estates, County of Cook, State of Illinois and is an Illinois corporation.

5. Tatiana Canatui, is the sole owner of all shares, and is the sole officer and director of Plaintiff, CANATUI, INC., d/b/a NEXT STEP GROUP.

6. At all relevant times, Canatui had an asset checking account in its name with Defendant (hereinafter, "Canatui's Account").

7. BANK OF AMERICA, N.A., (hereinafter, "Defendant") is a business entity that conducts business within the State of Illinois. Defendant's principal place of business is located in the North Carolina .At all relevant times, Defendant was a bank that held Canatui's Account.

8. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

9. At all relevant times, Rock Universal Trucking, LLC, Sparkle Celebrations LLC, Urbansky Surveys, LLC and Rachdum, LLC, received funds from Canatui's Account, which were transferred to this person or persons via an electronic terminal, telephonic instruction or computer or magnetic tape, or wire system after one or more of the above person's or entities instructed Defendant to transfer funds to each of the above entities.

10. Plaintiffs do not know Rock Universal Trucking, LLC, Sparkle Celebrations LLC, Urbansky Surveys, LLC or Rachdum, LLC, and never has heard of them prior to the events

described in this Complaint, and have not now nor never had any relationship, personal or business, with these persons or entities.

### IV. ALLEGATIONS
### VIOLATION OF UNIFORM COMMERCIAL CODE ARTICLE 4A

11. On or about July 16, 2024, Plaintiff received an automated phone call from what appeared to be from Defendant.

12. Upon answering, Plaintiff was advised that an external source was seeking to access Canatui's Account.

13. The automated voice provided that if she did not authorize this access, she should either press 1 or enter the code that was being sent via text message at that moment.

14. During that call, no code was sent via text message to Plaintiff, and so Plaintiff dialed 1. The call then disconnected.

15. Plaintiff then and there logged into Canatui's Account to find that three wire transfers were executed out of Canatui's Account.

16. Then, on that same day, and at that same time, Plaintiff called Defendant to advise of the call she just received, and to instruct Defendant to halt the current transactions and stop any others from proceeding.

17. Despite Plaintiff's request, unauthorized transactions continued to be performed out of Canatui's Account.

18. On or about July 16, 2024, $11,340.50 was debited from Canatui's Account and electronically sent or wired to Rocket Universal Trucking, LLC.

19. On or about July 16, 2024, $13,678.90 was debited from Canatui's Account and electronically sent or wired to Rocket Universal Trucking, LLC.

20. On or about July 16, 2024, $15,440.8 was debited from Canatui's Account and electronically sent or wired to Rocket Universal Trucking, LLC.

21. On or about July 16, 2024, $15,055.78 was debited from Canatui's Account and electronically sent or wired to Sparkle Celebrations, LLC.

22. On or about July 16, 2024, $29,880078 was debited from Canatui's Account and electronically sent or wired to Urbansky Surveys, LLC.

23. On or about July 16, 2024, $35,770.68 was debited from Canatui's Account and electronically sent or wired to Rachdum, LLC.

24. Uniform Commercial Code (U.C.C.) §4A-201 provides a security procedure as an "established by agreement of a customer and a receiving bank for the purpose of (i) verifying that a payment order or communication amending or cancelling a payment order is that of the customer, or (ii) detecting error in the transmission or the content of the payment order or communication.

25. Defendant's security procedures provided to Plaintiff requires that any time she is to send a payment to a recipient that has not received funds from Canatui's Account before must create a new payment profile for that recipient which includes the person or company name, the recipient address, the recipient bank routing number, and the recipient's account number. Thereafter, when Plaintiff enters a payment amount to the recipient, a 6 digit authentication code is sent to Tatiana Canatui's phone number that ends in 7747.

26. Plaintiff and Defendant have not made any other good faith agreements on any other security procedures.

27. Prior to the transactions identified above, Plaintiff did not establish any payment profiles of any of the above recipients.

28. Prior to the transactions identified above, Plaintiff did not enter any of the recipients names, company names, addresses, account numbers, or routing numbers.

29. Prior to the transactions identified above, Plaintiff did not receive any authentication code from Defendant.

30. Plaintiff had nothing to do with logging into her account, ordering wire transfers, authenticating wire transfers, or providing any person with any authority to perform a wire transfer on July 16, 2024.

31. Defendant did not accept any payment order from the Plaintiff in good faith and in compliance with the security procedure of Defendant.

32. Defendant allowed an unauthorized third party to hack into Plaintiff's account to create payee profiles to effectuate transfers of funds from Canatui's Account without the authorization of Plaintiff.

33. Defendant failed to follow its security procedures by sending authentication codes to a third party that was not authorized on Canatui's Account and therefore not part of the agreed upon security procedures.

34. Defendant sent an authentication code for the wire transfers delineated above to the phone number 702-308-1139. However, that phone number does not belong to Plaintiff, has never belonged to Plaintiff and has never been part of any security procedure agreed upon between Plaintiff and Defendant for wire transactions from Canatui's Account.

35. U.C.C. §4A-202(a) provides that a payment order received by the receiving bank is the authorized order of the person identified as sender if that person authorized the order or is otherwise bound by it under the law of agency.

36. At no time was any payment order authorized by Plaintiff.

37. Plaintiff was not bound to make any payment on behalf of any agent or employee, and was not otherwise bound to make any payment under the law of agency.

38. Any payment instruction to Defendant purporting to instruct a payment from Canatui's Account would erroneously instruct payment to an unintended beneficiary, and therefore Plaintiff is not obliged to pay the order under U.C.C. §4A-205(a)(2).

39. Plaintiff has been damaged by being left without his funds as a result of Defendant's violations of the U.C.C. and holding Plaintiff liable for the erroneous and unauthorized payments in the amount of $121,167.32.

WHEREFORE, Plaintiff prays for judgment in her favor for all actual and compensatory damages recoverable.

    a. All actual compensatory damages suffered;

    b. Any other relief deemed appropriate by this Honorable Court.

### VI. Jury Demand

41. All plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,
**CANATUI, INC., d/b/a**
**NEXT STEP GROUP**

By:   s/ Larry P. Smith
      Attorney for Plaintiff

Dated: May 15, 2025

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
5250 Old Orchard Road, Suite 300
Skokie, IL 60077
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com